UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DISABLED PATRIOTS OF AMERICA, INC., a Florida Not-For-Profit Corporation, and BONNIE KRAMER, Individually, | : : : : |
| Plaintiffs, | : Case No. 08 c 389 |
| v. | : : Judge Nordberg : Magistrate Judge Keys |
| STARWOOD CHICAGO TREMONT REALTY LLC, a Delaware Limited Liability Corporation, | : : : |
| Defendant. _____/ | : : : |

**STARWOOD CHICAGO TREMONT REALTY, LLC'S
ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT**

NOW COMES Defendant Starwood Chicago Tremont Realty LLC, by and through undersigned counsel, and submits the following Answers and Defenses to Plaintiffs' Complaint, as follows:

1. Plaintiff, Disabled Patriots of America, Inc., is a Not-For-Profit Corporation formed under the laws of the State of Florida. Disabled Patriots of America, Inc. maintains its principal office at 702 North E. Street, Lake Worth, FL 33460, in the County of Palm Beach.

ANSWER: Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint

2. Defendant's property, The Tremont Hotel, located at 100 E. Chestnut Street, Chicago, IL 60611, is in Cook County.

ANSWER: Defendant admits the allegations contained in paragraph 2 of the Complaint.

3. Venue is properly located in the Northern District of Illinois because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

71650.1

ANSWER:   Defendant admits the allegations contained in paragraph 3 of the Complaint.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

ANSWER:   With respect to the allegations contained in paragraph 4 of the Complaint, the allegations call for a legal conclusion, and thus no response is required except that Defendant denies it has violated the ADA.

5. Plaintiff Bonnie Kramer is sui juris and qualifies as an individual with disabilities as defined by the ADA. Bonnie Kramer has visited the property which forms the basis of this lawsuit and plans to return to the property to avail herself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA compliant. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered her safety. The Plaintiff is also a member of the Plaintiff organization, Disabled Patriots of America, Inc., discussed below in paragraph 6.

ANSWER:   Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint except denies that Ms. Kramer's safety was endangered while she allegedly visited the hotel.

6. Plaintiff Disabled Patriots of America, Inc., is a Not-For-Profit Florida corporation. Members of this organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. Disabled Patriots of America, Inc. and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow it to bring suit in its own right. Disabled Patriots of America, Inc. has also been discriminated against because of its association with its disabled members and their claims.

ANSWER:   Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint except denies all allegations

that Defendant discriminated against Plaintiffs, and denies that any member of Disabled Patriots of America, Inc. suffered an injury for which Defendant is responsible.

7. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as The Tremont Hotel, and is located at 100 Chestnut Street, Chicago, IL 60611.

ANSWER: Defendant admits the allegations contained in paragraph 7 of the Complaint.

8. Disabled Patriots of America, Inc. and Bonnie Kramer have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 10 of this Complaint. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant. Bonnie Kramer desires to visit The Tremont Hotel not only to avail herself of the goods and services available at the property but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

ANSWER: Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint except denies that it violated the ADA.

9. The Defendant has discriminated against the individual Plaintiff and members of the corporate Plaintiff organization by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

ANSWER: Defendant denies the allegations contained in paragraph 9 of the Complaint.

10. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the Tremont Hotel has shown that violations exist.

These violations include, but are not limited to:

Entrance Access and Path of Travel

71650.1                                            3

A      There are no accessible routes from the street, sidewalk and parking areas. These are violations of the requirements in Sections 4.3.2, 4.5.2, 4.7.1 and 4.8.2 of the ADAAG whose resolution is readily achievable.

B      A level landing is not provided at some of the accessible entrances violating Section 4.13.6 of the ADAAG whose resolution is readily available.

C      The doors at several of the building entrances are fitted with inaccessible hardware at the facility, in violation of Section 4.13.9 of the ADAAG whose resolution is readily achievable.

D      The clear width and/or maneuvering clearances at doors to the facility are less than the prescribed minimums, in violation of Sections 4.13.5 and 4.13.6 of the ADAAG whose resolution is readily achievable.

E      There are stairs provided at the facility that do not comply with the standards prescribed in Section 4.9 of the ADAAG whose resolution is readily achievable.

F      There are elevators provided at the facility that do not comply with the standards prescribed in Section 4.10 of the ADAAG whose resolution is readily achievable.

G      There is not a continuous path of travel connecting all essential elements of the facility, in violation of Sections 4.3.1 and 4.3.2 of the ADAAG whose resolution is readily achievable.

### Access to Goods and Services

A      There are permanently designated interior spaces without proper signage in violation of Section 4.1.2 and 4.30 of the ADAAG whose resolution is readily achievable.

B      There are counters throughout the facility in excess of 36 inches, in violation of Section 7.2(1) of the ADAAG whose resolution is readily achievable.

C      There is fixed or built in seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG whose resolution is readily achievable.

D      The public telephones throughout the facility do not provide the clear floor space for disabled patrons, in violation of Sections 4.31.1 and 4.31.2 of the ADAAG whose resolution is readily achievable.

### Restrooms

A      There are restrooms for public use at the facility without the required disabled use elements, in violation of several Sections of the ADAAG whose resolution is readily achievable.

B The lavatories in the restroom provided do not meet the requirements prescribed in Section 4.24 of the ADAAG whose resolution is readily achievable.

C There are exposed pipes in restrooms at the facility, violating Section 4.19.4 of the ADAAG whose resolution is readily achievable.

D There are dispensers provided for public use in the restroom, with controls outside the ranges prescribed in Section 4.27 of the ADAAG whose resolution is readily achievable.

E There are amenities provided for public use that do not comply with the requirements of the ADAAG whose resolution is readily achievable.

Accessible Guest Rooms

A There are rooms for public lodging at the facility without the required disabled use elements, in violation of several Sections of the ADAAG whose resolution is readily achievable.

B The rooms designated as accessible are not equipped with accessible door hardware violating Sections 4.13.9 and 9 of the ADAAG whose resolution is readily achievable.

C There is no clear path of travel provided between all elements in the disabled room. This is in violation of Sections 4.3 and 9 of the ADAAG whose resolution is readily achievable.

D There are barriers to access in the guestrooms designated for disabled use in violation of several Sections of the ADAAG, whose resolution is readily achievable.

E The rooms designated for disabled use do not provide a 36-inch clear floor space on both sides of the bed in violation of Section 9 of the ADAAG whose resolution is readily achievable.

F The rooms designated for disabled use provide elements with controls and/or dispensers outside of the required reach ranges violating Sections 4.2 and 9 of the ADAAG whose resolution is readily achievable.

G The fixtures in the disabled use room have controls that cannot be operated with a closed fist in violation of the ADAAG whose resolution is readily achievable.

H The rooms designated for disabled use do not provide elements equipped for use by the hearing and/or visually impaired violating Section 9 of the ADAAG whose resolution is readily achievable.

I The water closets that are provided for public use at the facility violate the provisions of Section 4.16 of the ADAAG whose resolution is readily achievable.

J       The grab-bars in the restroom provided in the room designated as accessible do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG whose resolution is readily achievable.

K       The rooms designated for disabled use do not provide a compliant roll-in shower for use by the disabled, violating Section 9 of the ADAAG whose resolution is readily achievable.

L       The bathtub does not provide a seat as required in Section 4.20.3 of the ADAAG whose resolution is readily achievable.

M       The sinks in the restroom provided in the room designated for disabled use do not meet the requirements prescribed in Sections 4.24 of the ADAAG whose resolution is readily achievable.

N       The mirrors and dispensers provided in the restroom provided in the room designated as accessible are in violation of the requirements in Section 4.19 and 4.27 of the ADAAG whose resolution is readily achievable.

O       The clear floor space provided in the restroom of the room designated for disabled use violates the provisions of Sections 4.18.3 and 4.22 of the ADAAG whose resolution is readily achievable.

ANSWER:    With respect to the allegations contained in paragraph 10 of the Complaint, including all sub-paragraphs, the allegations call for legal conclusions, and thus no responses are required, except Defendant denies that it has discriminated, or is discriminating against, Plaintiffs, or that it has violated the ADA.

11.     The discriminatory violations described in paragraph 10 are not an exclusive list of the Defendant's ADA violations.  Plaintiffs require the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The individual Plaintiff, the members of the Plaintiff group, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.  The individual Plaintiff, the members of the Plaintiff group and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

ANSWER:   With respect to the allegations contained in paragraph 11 of the Complaint, the allegations call for legal conclusions, and thus no responses are required, except Defendant denies that it has discriminated, or is discriminating against, Plaintiffs, or that it has violated the ADA.

12. Defendant has discriminated against the individual and corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

ANSWER:   Defendant denies the allegations contained in paragraph 12 of the Complaint.

13. Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

ANSWER:   Defendant denies the allegations contained in paragraph 13 of the Complaint, except admits that Plaintiffs are without remedy at law.

14. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

ANSWER:   With respect to the allegations contained in paragraph 14 of the Complaint, the allegations call for a legal conclusion, and thus no response is required.

15. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

ANSWER:   With respect to the allegations contained in paragraph 15 of the Complaint, the allegations call for a legal conclusion, and thus no response is required except Defendant denies any allegations of waiver.

16. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendant to alter the Tremont Hotel to make those facilities readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

ANSWER:   With respect to the allegations contained in paragraph 16 of the Complaint, the allegations call for a legal conclusion, and thus no response is required.

WHEREFORE,

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

      d.      Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

ANSWER:    As for the unnumbered prayer for relief following paragraph 16 of the Complaint, no response is required. Should a response be required, Defendant denies each and every allegation in this unnumbered prayer for relief.

## STARWOOD CHICAGO TREMONT REALTY, LLC'S
## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Defendant had no obligations to comply with the laws for new construction or alterations cited in the Complaint under these circumstances.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

To the extent that some or all of the barriers alleged in the Complaint do not comply with the standards for new construction or alterations cited in the Complaint, removal of such barriers is not readily achievable.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to recover on any claim for relief in this action because Defendants have substantially complied with all applicable legal requirements.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statutes of limitations and/or by the doctrine of laches.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' prayer for injunctive relief is moot and/or will be by the time this matter is adjudicated.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to seek some or all of the injunctive and other relief prayed for in the Complaint as against Defendant.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred on the ground that Plaintiffs have suffered no injury in fact with respect to the facts alleged in the Complaint.

WHEREFORE, Defendant demands judgment:

(i) dismissing the Complaint in its entirety with prejudice and without leave to replead;

(ii) awarding to defendant the costs and disbursements incurred in this action including reasonable attorneys' fees; and

(iii) granting such other, further and different relief as this Court deems just and proper.


Dated: February 29, 2008                    Respectfully submitted,

                                            STARWOOD CHICAGO TREMONT
                                            REALTY LLC, a Delaware Limited
                                            Liability Corporations,


                                            By:    /s/ Derek S. Holland
                                                    One of its Attorneys

Steven R. Smith, #3128231
Derek S. Holland, #6285564
Bryan Cave LLP
161 North Clark Street, Suite 4300
Chicago, Illinois  60601
Telephone:  (312) 602-5000
Facsimile:   (312) 602-5050

71650.1                          10

*and*

Dermot Sullivan
Bryan Cave LLP
1290 Avenue of the Americas
New York, New York  10104
Telephone: (212) 541-2135
Facsimile:  (212) 261-9855

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on the 29th day of February, 2008, a true and complete copy of the foregoing document was served, via the Court's electronic filing system, upon the following counsel of record:

Thomas B. Bacon, Esq.
Fuller, Fuller & Associates, P.A.
12000 Biscayne Blvd., Suite 609
North Miami, FL  33181

Jerome G. Silbert, Esq.
10 S. Riverside Plaza, Suite 1020
Chicago, Illinois  60606

    ___/s/ Derek S. Holland_____
    Derek S. Holland