UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DISABLED PATRIOTS OF AMERICA, INC., a :
Florida Not-For-Profit Corporation, and :
BONNIE KRAMER, Individually, :
 :
      Plaintiffs, : Case No. 08 c 389
 :
v. : Judge Nordberg
 : Magistrate Judge Keys
STARWOOD CHICAGO TREMONT REALTY :
LLC, a Delaware Limited Liability Corporation, :
 :
      Defendant. :
 :
_____/ :

**PRELIMINARY PRETRIAL SCHEDULING ORDER**

      This cause, having come before the Court for a preliminary pretrial conference ("Conference"), held pursuant to Fed.R.Civ.P. 16, 26; and Jerome Silbert, Law Offices of Jerome G. Silbert, 10 S. Riverside Plaza, Suite 1020, Chicago, Illinois 60606 having appeared for Plaintiffs and Derek S. Holland, Bryan Cave LLP, 161 N. Clark St., Suite 4300, Chicago, Illinois 60601 having appeared for Defendant, the following action was taken:

      1.    Counsel reported on the preparatory conference held at least seven days prior to this Conference. Counsel also reported on the status of settlement discussions.

      2.    The parties discussed the following subjects and agreed to the action hereinafter set forth:

      (A) Factual basis for jurisdiction:

      i.  *Subject Matter Jurisdiction*

1

Subject matter jurisdiction is conferred by the Americans With Disabilities Act ("ADA"), 42 U.S.C. Sections 12181, et seq.. Plaintiffs, disabled persons, seek injunctive relief to remove alleged barriers to access present at the Tremont Hotel ("Property").

ii. *Venue*

Venue is appropriate in this district because the Property is located at 100 E. Chestnut Street, Chicago, IL 60611, in Cook County.

(B) Simplification of issues:

This is a suit for injunctive relief pursuant to the ADA.

(C) Amendments to pleadings and planned motions:

The parties do not anticipate any motions, other than dispositive motions. Amendments to pleadings, if any, must be made before May 1, 2008.

(D) Admissions of fact and use of documents which will avoid unnecessary proof:

The parties have not yet contemplated what documents and admissions will avoid unnecessary proof, but will consider this during the discovery process.

(E) Limitation of the number of expert and other witnesses:

Plaintiffs anticipate using two experts, and have identified those experts in their initial Rule 26(a)(1) disclosures. Defendant may retain rebuttal experts, and will make appropriate disclosures within the time set forth in this Order.

(F) Limitation of discovery:

None contemplated, except as imposed by the Federal Rules of Civil Procedure. Plaintiffs intend to conduct a Rule 34 inspection of the premises and to serve interrogatories, requests for production of documents and requests for admissions. Defendant anticipates propounding similar written discovery on Plaintiffs and deposing the individual Plaintiff and a representative of the organization Plaintiff. No discovery has been exchanged at this time.

(G) Such other matters as may aid in disposition of the action:

The parties have not yet entered into settlement discussions. The parties request that a settlement conference be scheduled for 90 days.

3.  The parties agreed that the principal uncontested facts and law were as follows:

> The parties agree that this matter relates to alleged violations of the ADA at the Property. The parties agree that jurisdiction and venue are appropriate in this Court.

4.  The parties agreed that the principal contested issues of fact and law were as follows:

> The principal contested factual issue will be whether or not there are barriers to disabled access present at the Property. The principal contested legal issues are whether the Property is in violation of the ADA, whether remedial measures necessary to remedy said alleged violations are readily achievable, whether Plaintiffs have standing to pursue this action, whether Plaintiffs are entitled to the reasonable costs, litigation expenses and attorney fees incurred in this action.

5.  The parties discussed and agreed to a general discovery plan and agreed to the final discovery cut-off date of November 28, 2008. Estimated time of bench trial is 2 court days. The parties will be ready for trial by February 23, 2009.

6.  The parties agreed upon a scheduling order which limits the time to join other parties and to amend the pleadings to May 1, 2008, to designate trial expert witnesses by October 31, 2008, and to file dispositive motions, if any, by December 19, 2008. A separate order of the Court must be entered granting leave to file an Amended Complaint.

7.  Counsel agreed to continue to discuss and explore the settlement of this entire dispute and to carry out the requirements of the Pretrial Procedure Order of Judge Nordberg.

8.  The parties do not agree that this case may be tried by the assigned Magistrate Judge.

9.  This scheduling order shall not be modified except by leave of Judge

or Magistrate Judge for good cause shown.

WHEREUPON, IT IS HEREBY ORDERED as follows:

(a) Cut-off date for amendment of pleadings and joinder is May 1, 2008; (b) a settlement conference is set for June 4, 2008 at 1:00 p.m.; (c) Cut-off date for designation of trial expert witnesses is October 31, 2008; (d) Discovery cut-off date is November 28, 2008; (e) Cut-off date to file motions for summary judgment is December 19, 2008; (f) Final status report hearing is 2:30 p.m. on January 30, 2009; (g) Final Pretrial Conference shall be held at 2:30 p.m. on February 13, 2009 with the completed Final Pretrial Order (previously sent to you) filed with the Court sufficiently in advance of the Final Conference to allow the Court two full days for review; (h) Upon the completion and entry of the final Pretrial Order, this case will be given a trial date on the civil trial calendar of the Court.

**ENTER:**

/s/_____

**JOHN A. NORDBERG**
**United States District Judge**
**Dated: _____, 2008**

**APPROVED AS TO FORM AND SUBSTANCE:**

Attorneys for Plaintiffs:

\_\_\_/s/ Larry Fuller_____
Thomas B. Bacon, Esq. #139262
Larry Fuller, Esq.
Fuller, Fuller & Associates, P.A.
12000 Biscayne Blvd., Suite 609
North Miami, FL 33181
Tel: (305) 891-5199
Fax: (305) 893-9505
*and*
Jerome G. Silbert #0013600
Law Offices of Jerome G. Silbert
10 S. Riverside Plaza, Suite 1020
Chicago, IL 60606
Tel: (312) 207-0181
Fax: (312) 207-1332

Attorneys for Defendants:

\_\_\_\_/s/ Derek S. Holland_____
Derek S. Holland, Esq., #6285564
Bryan Cave LLP
161 North Clark St., Suite 4300
Chicago, IL 60601
Tel: (312) 602-5141
Fax: (312) 602-5050
*and*
Dermot J. Sullivan, Esq.
Bryan Cave LLP
1290 Avenue of the Americas
New York, NY 10104
Tel: (212)541-2135
Fax: (212)261-9855